## James Pease v. Charles S. Trench.

1. ESTOPPEL—*Essential Elements.*—An essential of an estoppel by conduct, is that the representation or concealment of material facts must have been with knowledge of such facts.

2. REPLEVIN—*Effect of a Verdict and Judgment for the Plaintiff.*—Where an action of replevin is tried upon the issue made by pleas of justification, a verdict and judgment for the plaintiff does not give him a right to any property other than that described in the writ.

Replevin.—Error to the Circuit Court of Cook County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 1, 1901.

CHURCH, McMURDY & SHERMAN, attorneys for plaintiff in error.

STEPHEN G. SWISHER, attorney for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is a replevin suit brought by defendant in error to recover certain property which had been levied upon by plaintiff in error as sheriff, under executions against one Matthew Ledwidge. It is claimed by defendant in error that the goods in question, which were in a warehouse controlled by said execution debtor, Ledwidge, were deposited there for storage, and were the property of defendant in error, subject to his disposition at any and all times. The

issues were submitted to a jury, and the trial of the replevin suit resulted in a verdict finding the right of possession of the property described in the writ to be in the defendant in error. From the judgment entered upon this verdict this writ of error is prosecuted.

It is contended that the trial court erred in certain rulings on the admission of evidence. The principal of such alleged errors is that it is claimed testimony was excluded, offered to show that the executions under which the sheriff had seized the property taken from him under the replevin writ, were so levied by the express direction of an authorized agent of the plaintiff in the replevin suit. The court did refuse to allow a witness, who was attorney for the execution creditors, to state what, if anything, one Shaw, alleged to have been agent of the defendant in error, directed to be done under those executions. The attorney testified, however, that he instructed the sheriff to levy on the goods of Ledwidge, the execution debtor, which was certainly proper. As the question relating to Shaw's supposed directions was put, we do not regard the action of the court in sustaining an objection to it as erroneous. The contention of counsel for plaintiff in error seems to be that Shaw, as agent of Trench, the defendant in error, directed the sheriff to levy on the property in the warehouse, including the goods in controversy, as the property of Ledwidge, the execution debtor; and that his principal, Trench, was hence estopped from thereafter claiming any part of them as his own. But assuming that Shaw did give such directions, it would still be necessary to prove that he did so with a full knowledge that his principal's goods were so included, and further that it was within the scope of his authority to so direct. No such evidence was offered. This is not a case where the defendant in error had voluntarily mingled his own goods with those of the execution debtor, as in Reiss v. Hanchett, 141 Ill. 419, cited by counsel for plaintiff in error. If they were mingled, it was done by the execution debtor. To constitute estoppel by the alleged conduct of Shaw, it was necessary to show something more than an agency of the

latter. "An essential element of an estoppel by conduct is that the representation or concealment of material facts must have been with knowledge of such facts." Reiss v. Hanchett, *supra*, p. 424. No evidence was offered tending to show any misrepresentation or concealment of facts, such as might establish estoppel.

We find no error in the refusal of the court to give the first four instructions requested by the plaintiff in error. These were designed to instruct the jury that a party, knowingly standing by while his property is taken by the sheriff, as that of a third person, without objection, is estopped from afterward claiming it. The evidence did not warrant such instructions in the present case. The fifth refused instruction, while containing some propositions which might properly have been given, was vitiated by others clearly erroneous, which we do not deem it necessary to enlarge upon.

It is said that of the 600 boxes of tin sought to be seized under the replevin writ, by an error thirty-two boxes were taken which were not the property of defendant in error, and a corresponding number of boxes, which were his property, were left in the possession of plaintiff in error, and sold by him under his executions. There is a statement by counsel that when the alleged mistake was discovered an effort was made to exchange with the sheriff, but the latter refused to rectify the mistake, and that on application to court—to what court or when does not appear—the court refused to correct the mistake. It is now urged that the judgment can not be sustained, because it includes thirty-two boxes to which defendant in error was not entitled. If this is true, of course the judgment would be to that extent erroneous. As stated by the trial court: "If, by the writ, they took something that did not belong to them, that should be returned, and they could hold in trover for what they could not get."

Looking at the pleadings, we find that the writ, affidavit and declaration describe 600 boxes of certain specified kinds of tin; that the return of the coroner recites the

taking of the property so described; that the plaintiff in error specially pleaded that the "taking and detention in the declaration above specified," was by virtue of certain executions, and that this property so described, was the property of the defendant in replevin, etc.   The cause was tried upon the issue made by the pleas of justification.   The verdict of the jury found the defendant in error entitled to the property so specified and described, and this finding is abundantly justified by the evidence.   The verdict and judgment do not give defendant in error title to any other property.   If he has wrongfully taken any other, or has not obtained all that the judgment awards to him, he is still liable for any wrongful act, and no one else can complain of any loss he may suffer, by failure to get all he is entitled to.   This verdict and this judgment award to him only the property described in the pleadings, and in this judgment we find no error.

There are other matters discussed in the briefs, which we have duly considered, but deem it unnecessary to discuss at length herein.   The judgment of the Circuit Court must be affirmed.